# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,

        Plaintiffs,                              CIVIL ACTION

v.                                                             No. 09-2381-JWL-GLR

THE PUROLITE COMPANY,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Opposed Motion for Extension of Time to File Motion to Compel (ECF No. 138). Defendant seeks an extension of time in which to file a motion to compel Plaintiff to respond to its requests for production of documents. It requests the deadline be extended to 30 days from the date the parties conclude their efforts to meet and confer. Plaintiffs oppose the motion. They argue it is untimely by more than two months and that Defendant has not shown excusable neglect for failing to comply with District of Kansas Rules. As set forth below, the Court finds Defendant has not shown excusable neglect for the extension and denies the motion.

**I.    Relevant Facts**

On July 21, 2010, Plaintiff Layne Christensen Company ("Layne") served its Responses to Defendant's First Set of Document Requests. On that date, Plaintiff Dr. Arup SenGupta ("SenGupta") also served his Responses to Defendant's First and Second Sets of Document Requests. On August 2, 2010, Defendant sent letters to Layne and SenGupta, detailing deficiencies in their responses and requesting that they meet and confer during the week of August 10, 2010.

On August 16, 2010, Layne served its Responses to the Second Set of Document Requests and SenGupta served his Responses to the Third Set of Document Requests. On August 26, 2010,

the parties rescheduled to August 31, 2010, their meeting to confer about the possible deficiencies to the responses served on July 21 and August 16.

At their meeting on August 31, the parties agreed that Defendant would prepare a written proposal to narrow or clarify some of its requests for documents. It sent that proposal to counsel for Plaintiffs on October 7. Plaintiffs responded on October 15, and the parties met and conferred on October 20. They shortened that meeting, in order to give Plaintiffs time to serve supplemental responses to interrogatories. Counsel again met and conferred on November 5. On November 19, Defendant asked Plaintiffs to consent to an extension of time to file a motion to compel. They refused. Defendant filed the instant motion on November 29, asking that its deadline be extended until 30 days after December 3, 2010, the date on which counsel would conclude their efforts to meet and confer. Defendant filed its Motion to Compel Plaintiffs' Responses to Requests for Production (ECF No. 154) on December 30, 2010.

## II. Whether Defendant has shown excusable neglect for obtaining an extension of its deadline for filing a motion to compel after the 30-day deadline has expired

District of Kansas Rule 37.1(b) requires that "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived." Pertinent to this motion, Plaintiffs served their discovery responses on July 21, 2010 and August 16, 2010. A motion to compel discovery, therefore, at the latest would have been due 30 days thereafter, unless the time were extended. Defendant filed the instant motion for extension on November 29, 2010, which is 101 days after the earlier and 75 days after the later deadline had expired. Under these circumstances D. Kan. Rule

6.1(a) applies. It requires Defendant to show excusable neglect.[1] When a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine if it should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect.[2] The factors used to determine excusable neglect include: (1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[3]

Given these factors, the Court finds Defendant has not shown excusable neglect. Counsel engaged in substantial, considerable effort to resolve their discovery dispute. It involved many requests for production and a substantial number of documents. Understandably, their meeting and conferring would have been intensive and time-consuming. The Court finds no reasonable excuse, however, for the failure of Defendant to timely move for one or more extensions before the respective deadlines expired on August 20 and September 15, 2010. District of Kansas Rule 37.1(b) contemplates a simple procedure for timely seeking additional time for good cause.

Defendant correctly notes that the Federal Rules of Civil Procedure, the District of Kansas Rules, and the Court itself all encourage parties to resolve discovery disputes without motions. But this encouragement does not relieve a party from timely filing a motion either to compel or for a

---

[1] *See* D. Kan. Rule 6.1(a) ("Parties must file the motion [for an extension of time to perform an act] before the specified time expires. Absent a showing of excusable neglect, *the court will not grant extensions* requested after the specified time expires.") (emphasis added).

[2] *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.,* Civ. A. No. 05-2001-DJW, 2008 WL 5046345, at *2 (D. Kan. Nov. 24, 2008); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4239454, at *1 (D. Kan. Nov. 30, 2007).

[3] *Hartford*, 2008 WL 5046345, at *2.

reasonable extension to do so for good cause, to allow the parties additional time to try to resolve their dispute.

Contrary to the suggestion of Defendant, the Court does not view the position of Plaintiffs as indicative of bad faith. The motion for additional time does not turn on that issue. Nor does the Court view the email of November 20, 2010, from counsel as a show of bad faith, as an intent to mislead Defendant, or as waiving an objection of untimeliness. The email stated "[i]f, after discussion, we cannot agree on the production of certain specific categories of documents, then it would make sense to go to the Court for guidance on a few limited issues." When that email was sent, the deadline for Defendant to move to compel further discovery had long expired. The Court views the email of counsel as nothing more than a gratuity. The Court finds no persuasion in the argument that Plaintiffs misled Defendant by continuing to discuss the proposed discovery after the deadline for a motion to compel had expired. Defendant itself should have kept alert to the fact it had 30 days for a motion, either to compel or to extend the deadline beyond 30 days. The Court finds nothing of consequence in the statements or other actions of counsel for Plaintiffs, prior to the deadline, that would justify the failure to file a simple motion for extension of time.

The Court has become familiar with discovery disputes. For a number of legitimate reasons counsel may continue to meet and confer to resolve such disputes after the deadline of 30 days. Counsel responding to discovery may simply recognize a duty to complete production or other responses or to fulfill earlier promises to do so. Or the conferring process may indeed expose or clarify a duty to supplement responses for disclosures or discovery, pursuant to Fed. R. Civ. P. 26(e). Or counsel may agree to provide additional responses as part of an agreed, mutually co-operative effort to expedite discovery and preparation for trial. The Court does not know to what extent any

4

of the foregoing factors may have influenced counsel in this case to further meet and confer after the deadline for filing a motion to compel. Possibly none of them. Whether or not any of those factors apply here, the Court finds no reason for indulging in a contrary notion of bad faith, as suggested by Defendant.

Defendant suggests that the "weight of authority" in Kansas applies D. Kan. Rule 37.1(b) in view of D. Kan. Rule 37.2, and tolls the 30-day deadline while parties are engaged in efforts to resolve the discovery dispute. It cites two District of Kansas cases, *Hartford Fire Insurance Co. v. P & H Cattle Co., Inc.*[4] and *Allianz Insurance Co. v. Surface Specialties, Inc.*,[5] in support of its argument. In response, Plaintiffs argue that, although some courts have found an untimely motion to compel excusable in certain circumstances, no court has ever held that the time limitation in D. Kan. Rule 37.1(b) is tolled while the parties attempt to resolve their disputes without court intervention.

District of Kansas Rule 37.1(b) is clear that motions to compel discovery must be filed within 30 days of service or default of the discovery response. The deadline is not, as Defendant argues, 30 days from the date the parties conclude their efforts to meet and confer. Contrary to the position of Defendant, furthermore, the deadline of 30 days is not tolled while the parties are engaged in conferring efforts to resolve the discovery dispute without court intervention.[6] Instead, the common practice in this District is for a party to request, prior to its expiration, an extension of its deadline to file a motion to compel with respect to any discovery dispute upon which the parties

---

[4]2008 WL 5046345.

[5]No. 03-2470-CM-DJW, 2005 WL 44534 (D. Kan. Jan. 7, 2005).

[6]*See ICE Corp.*, 2007 WL 4239454, at *2 (rejecting the plaintiffs' contention that their actions tolled the deadline to file a motion to compel discovery).

5

are still conferring.[7] Although courts on occasion have excused the untimely filing of a motion to compel under certain circumstance, those decisions do not indicate a common practice of the Court.[8]

In *Hartford Fire Insurance Co. v. P & H Cattle Co., Inc.,* the court excused the plaintiff's untimely filing of a motion to compel by three weeks. In that case several events occurred before expiration of the deadline for filing the motion. The plaintiff advised the defendants at a status conference with the court that their discovery responses were inadequate. They had followed with a letter, requesting supplemental discovery responses, to which the defendants had requested additional legal authority for the requests. A few days before the deadline, the defendants requested a copy of the proposed motion to compel. The plaintiff provided the proposed motion to compel two weeks later, and then filed it a week later. Based upon these circumstances, the court found that the plaintiff had shown excusable neglect for failing to file its motion to compel by the D. Kan. Rule 37.1(b) deadline. The court in *Hartford,* however, commented that it was not common practice to allow untimely motions to compel.[9]

---

[7]*See Cont'l Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *5 (D. Kan. Jan. 7, 2008)("If [the defendant] had filed a motion asking for an extension of the 30-day deadline before it expired, . . . presumably the court would have granted [it] an extension to file its motion to compel, as specifically contemplated by Fed. R. Civ. P. 6(b)(1) and D. Kan. Rule 37.1(b). That is fairly routine practice in this district, and has been so for many years."); *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2007 WL 1959194, at *5-6 (D. Kan. June 29, 2007) ("It is common practice for a party who may wish to file a future motion to compel but is not prepared to do so during the 30 day window afforded by D. Kan. Rule 37.1(b), to file a simple motion for extension of time before the deadline to file a motion to compel has expired."); *ICE Corp.*, 2007 WL 4239454, at *3 (same).

[8]*Allianz*, 2005 WL 44534, at *1 ("While not common, the courts in this District have allowed untimely motions to compel when the existence of information or documents is not known until after the deadline, or when the moving party had relied on the opposing party's false assurances of compliance.").

[9]2008 WL 5046345, at *1.

In *Allianz Insurance Co. v. Surface Specialties, Inc.*,[10] the court found that the defendant had shown sufficient justification for the sixteen-day delay in filing its motion to compel. The court excused the untimely filing of a motion to compel based upon defense counsel's good faith reliance on conduct and statements of counsel for plaintiff and mutual, exhaustive efforts to resolve the discovery dispute after the expiration of the 30-day time period.[11]

Unlike the short delays sought in *Hartford* and *Allianz*, the instant motion comes 101 and 75 days respectively beyond the applicable deadlines. In contrast to *Hartford* and *Allianz*, moreover, Defendant does not argue reliance upon statements or actions of Plaintiffs before expiration of its deadlines. Instead, it appears to have relied upon incorrect assumptions that the deadline is tolled while the parties are actively conferring. Defendant has not shown excusable neglect for its failure to file a timely motion to compel or otherwise to seek one or more extensions of time before expiration of the deadline. The Court therefore denies its motion for extension of time to file motion to compel for failure to show excusable neglect. The Court finds, for the foregoing reasons, that whatever objections Defendant may have to the default, responses, answers, or objections of Plaintiff to the discovery at issue are waived, pursuant to D. Kan. Rule 37.1(b). As a result of the foregoing rulings, the Court also finds that Defendant's Motion to Compel Plaintiffs' Responses to Requests for Production, filed December 30, 2010, is untimely and also denied.

**IT IS THEREFORE ORDERED THAT** Defendant's Opposed Motion for Extension of Time to File Motion to Compel (ECF No. 138) is denied, as herein set forth.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Compel Plaintiffs' Responses

---

[10] 2005 WL 44534, at *1.

[11] *Id.*

to Requests for Production (ECF No. 154) is denied as untimely.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motion to Strike Purolite's Motion to Compel or, in the alternative, Motion for Extension of Time to File a Response to Purolite's Motion to Compel (ECF No. 161) is denied as moot.

Dated in Kansas City, Kansas on this 14th day of January, 2011.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge