# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,

        Plaintiffs,                        CIVIL ACTION

v.                                           No. 09-2381-JWL-GLR

THE PUROLITE COMPANY,

        Defendant.

## MEMORANDUM AND ORDER

In this patent infringement and breach of contract action, Plaintiffs allege that Defendant, a former licensee, infringed upon a patent for removal of arsenic from drinking water and breached the post termination provisions of the license agreement. Currently pending before the Court is Defendant's Motion to Compel (ECF No. 68). Defendant requests an order, pursuant to Fed. R. Civ. P. 37(a)(3)(B) and D. Kan. 37.2, to compel Plaintiffs to fully and completely answer four of its interrogatories. In response, Plaintiffs contend their answers are sufficient. As set forth below, the motion is granted in part and denied in part.

**I.    Interrogatories at Issue**

    **A.    Interrogatory No. 2**

Defendant's Interrogatory No. 2 asks each Plaintiff:

For each claim of the Patent-in-Suit that [Plaintiffs] allege[] to be valid and enforceable, state all legal and factual bases for Layne's allegation that such claim is valid and enforceable (including, without limitation, alleged secondary considerations of non-obviousness), including the identity of all persons having knowledge of the facts underlying or relating to each such basis.

Plaintiffs answered the interrogatory as follows:

> All claims of the '578 patent are presumed valid and enforceable. See 35 U.S.C. § 282; see also KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 412 (U.S. 2007).[1]

Defendant argues that Plaintiffs' answers are incomplete and constitute a failure to answer. Specifically, it contends Plaintiffs refused to provide any factual bases for secondary considerations of non-obviousness. It also argues they failed to identify persons knowledgeable about such legal or factual bases. It cites Fed. R. Civ. P. 33(b)(3) for requiring interrogatories to be answered "fully." Plaintiffs argue that their answers are sufficient, because validity and enforceability of the patent-in-suit are not at issue in this case.

Plaintiffs did not object to Interrogatory No. 2. Their answers may have been sufficient, when they served them. At that time the validity of their patent may not have been in issue. Since then Defendant has filed its Second Amended Answer to Amended Complaint (ECF No. 111). It asserts as its "Sixth Defense" that, "The '578 Patent is invalid for failing to meet the requirements of 35 U.S.C. §§ 102, 103 and 112."[2] With the addition of this defense, the answers of Plaintiffs to Interrogatory No. 2 are inadequate. They should answer it to include any "factual bases" that would either support or refute the defense of invalidity. The answers should also include, as the interrogatory requests, the identities of "all persons having knowledge" of the relevant facts.

### B. Interrogatory No. 3

Defendant's Interrogatory No. 3 asks Plaintiffs to:

> Identify by name, model number, internal project name or number, or any other

---

[1] Layne's Resp. to Purolite's First Set of Interrogs. (ECF No. 70-20) at p. 4; SenGupta's Resp. to Purolite's First Set of Interrogs. (ECF No. 70-21) at p. 5.

[2] Def.'s Second Am. Answer to Am. Compl. (ECF No. 111) at p. 5.

applicable internal designation, all products, systems, or methods conceived or developed by or on behalf of [Plaintiffs] that embody or practice the subject matter of any claim of the Patent-in-Suit, including an identification of the earliest date on which each such product, system, or method was conceived, developed, manufactured, used or sold by or on behalf of [Plaintiffs].

Plaintiff Layne responded as follows:

ArsenX, AsX, As:Xnp. Arsen:X, and ArsenXnp all refer to the same product, made by the same process, and embody or practice the subject matter of the '578 patent. Layne first sold this product in May 2004.

A separate and distinct product from ArsenX, LayneRT and Layne33 both refer to the same product, made by the same process (similar to the process for making ArsenX), and embody or practice the subject matter of the '578 patent. Layne first sold this product in March 2009.[3]

Plaintiff SenGupta responded as follows:

HAIX, which stands for Hybrid Anion Exchanger, or Polymeric Hybrid Sorbent, which was conceived in Spring 2003.[4]

Defendant argues that these answers are incomplete, because they fail to identify dates regarding the conception, development, manufacturing, use and sale of the products of Plaintiffs. Defendant refers specifically to the wording in the interrogatory that requires "an identification of the earliest date on which each such product, system, or method was conceived, developed, manufactured, used **or** sold by or on behalf of [Plaintiffs]."[5] Defendant relies upon its preliminary section of definitions in its interrogatories, which provide *inter alia* that, "'And' shall be treated as a synonym for 'or' and vice versa."[6] Plaintiffs suggest, to the contrary, that they have adequately

---

[3]Layne's Resp. to Purolite's First Set of Interrogs. (ECF No. 70-20) at p. 5.

[4]SenGupta's Resp. to Purolite's First Set of Interrogs. (ECF No. 70-21) at p. 5.

[5]Mem. in Supp. of Def.'s Mot. to Compel (ECF No. 69) at p. 17 (underscoring added).

[6]Def. Purolite's First Set of Interrogs. To Layne (ECF No. 70-22) at p. 5.

answered the interrogatory as it is written. They contend that the preliminary definition of "or" in the interrogatories contradicts the ordinary meaning of the word and is unreasonable. They would construe "or" in the disjunctive, not conjunctive. In summary, Defendant apparently claims its interrogatory calls for discrete, separate dates for conception, development, manufacture, use, and sale.

The Court finds scant help in the belabored arguments over the word "or." Whether it be construed as conjunctive or disjunctive, Plaintiffs have adequately answered Interrogatory No. 3 as it is worded. In a broad sense the Court does not find the interrogatory ambiguous. But its selected language leads to unnecessary, time-consuming confusion. Literally it asks for a single date, not multiple dates. The party propounding the interrogatory bears the burden to state its intended meaning clearly. It may not shift that burden to the responding party. Nor should it create a puzzle for the responding party to solve as to which of multiple, possible meanings is intended. Interrogatory No. 3 lacks clarity. The Court denies the motion to require additional answers to it.

### C. Interrogatory No. 4

Defendant's Interrogatory No. 4 asks Layne:

For each of the asserted claims of the Patent-in-Suit, describe fully and with particularity the history and process leading to the alleged invention of such claim, including (a) an identification of the date of conception and first reduction to practice; (b) the circumstances of the conception, first reduction to practice, and any diligence in between the conception and reduction to practice; (c) an identification of all persons who participated in the conception and reduction to practice; (d) a description of each person's involvement in such conception, diligence and first reduction to practice; and (e) an identification of all documents and persons that may corroborate the conception, diligence, and reduction to practice.

Layne responded as follows:

The invention disclosed in the '578 patent was conceived in the Spring of 2003 and reduced to practice in the several months after conception.

4

The inventors were trying to discover a way to remove arsenic from water when they discovered the invention disclosed in the '578 patent. Arup SenGupta and Luis Cumbal participated and were both involved in the conception and reduction to practice of the invention disclosed in the '578 patent. For identification of documents and persons, see plaintiffs' responses to your requests for documents and plaintiffs' Rule 26 disclosures.[7]

Defendant argues that Layne's answer is incomplete and evasive. Plaintiffs argue that they have "answered this interrogatory with the knowledge it has at its disposal." The Court finds the answers inadequate. It directs Plaintiffs to supplement their answers as follows: In response to item (a) they should identify the date or dates of conception and first reduction to practice, or otherwise state they do not know the dates and either provide their best estimates or state that the answers already provided constitute their best estimates of any date(s). In response to item (b) they should describe any circumstances regarding diligence performed between conception and reduction to practice, or otherwise state there was no such diligence. In response to item (d) they should describe the involvement both of Arup SenGupta and of Luis Cumbal, as requested. In response to item (e) Plaintiffs should specifically identify all documents and persons that may corroborate the conception, diligence, and reduction to practice of the patent. Directing Defendant to search Plaintiffs' discovery responses and disclosures constitutes an unacceptable answer to the interrogatory.

D.     **Interrogatory No. 6**

Defendant's Interrogatory No. 6 asks Layne to:

Identify the contract language within each section of the Purolite Agreement that Layne alleges Purolite breached, setting forth for each section all legal and factual bases for such allegation (including, but not limited to, the meaning or construction

---

[7]Layne's Resp. to Purolite's First Set of Interrogs. (ECF No. 70-20) at p. 5.

of the contract language for each section that Layne contends Purolite has breached), and the identification of the persons having knowledge of the bases for each such allegation.

Layne responded as follows:

Layne objects to this request to the extent it seeks the production of information protected by the work product doctrine and the attorney client privilege. Without waiver of and subject to the foregoing objections, Layne states that by continuing to make, use, and sell "Media" after the Agreement was terminated, and by failing to pay royalties for all sales of "Media," Purolite has breached sections 1.1, 4.2, 4.5, 6.1, 6.2, 6.3, 8.3.2, 10.1, 11.2, and Exhibit D of the Agreement. For identification of persons with knowledge, see plaintiffs' Rule 26 disclosures. Discovery is ongoing, and Layne has not completed its investigation of Purolite's potential breaches of the Agreement. Layne will supplement these responses as needed.[8]

The motion asserts only one deficiency in the response of Plaintiff Layne to Interrogatory No. 6, that it fails to identify the language in the sections of the Agreement that Defendant allegedly breached. Defendant suggests that most of the identified sections contain several sentences and clauses that may be independently breached. Consequently, to simply identify section numbers does not adequately identify the alleged breaches. Opposing the motion, Plaintiffs argue that their answer adequately answers the interrogatory, that nothing would be added by simply copying the language of the sections breached, and that Defendant has failed to carry its burden to show that the answer is inadequate. Plaintiffs do not dispute the characterization that most of the sections contain multiple sentences that could be breached.

The motion addresses the discretion of the Court. The Court views Interrogatory No. 6 as a contention interrogatory. It calls for the contentions of Plaintiff Layne as to how Defendant breached the contract. The Court views those contentions as basic to the claim. As suggested, Defendant could have provided more detail to demonstrate that the answer to the interrogatory is

---

[8]Layne's Resp. to Purolite's First Set of Interrogs. (ECF No. 70-20) at p. 6-7.

inadequate. But its brief description, that the sections of the contract contain multiple sentences that may be independently breached, persuades the Court that Plaintiff Layne should answer the interrogatory more specifically. If it contends that Defendant breached each and every part of an identified section, it should specifically say so. If the alleged breach, on the other hand, violates only part of an identified section, Plaintiff should identify specifically which part. Accordingly, the Court will grant the motion to compel Plaintiff Layne to supplement its answer to Interrogatory No. 6 to provide such further identification of the alleged breaches.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel (ECF No. 68) is granted in part and denied in part. **Within 30 days of the date of this Memorandum and Order**, Plaintiffs shall serve supplemental answers to Defendant's Interrogatory Nos. 2, 4, and 6 as set forth herein. The Court otherwise denies the motion.

Dated in Kansas City, Kansas on this 24th day of January, 2011.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge