# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,

       Plaintiffs,                         CIVIL ACTION

v.                                       No. 09-2381-JWL-GLR

THE PUROLITE COMPANY,

       Defendant.

## MEMORANDUM AND ORDER

In this action for patent infringement and breach of contract, Plaintiffs allege that Defendant, as a former licensee, infringed upon a patent for removal of arsenic from drinking water and breached the post-termination provisions of their license agreement. The Court has before it Defendant's Motion for Protective Order (ECF No. 84). Pursuant to Fed. R. Civ. P. 26(c), Defendant requests a protective order to prohibit Plaintiffs from deposing its trial counsel, Robert C. Sullivan, Jr. ("Sullivan"). As set forth below, the Court grants the motion.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[1] The party seeking the protective order has the burden to show good cause for its entry.[2] To establish good cause under Rule 26(c), a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3]

---

[1] Fed. R. Civ. P. 26(c).

[2] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000); *Harris v. Euronet Worldwide, Inc.*, No. 06-2537-JTM-DWB, 2007 WL 1557415, at *1 (D. Kan. May 29, 2007).

[3] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

The Federal Rules of Civil Procedure do not prohibit the deposition of an attorney for a party.[4] "Attorneys are subject to being deposed, even if they represent a party to the suit."[5] This Court, however, has recognized the potential for abuse in deposing an opponent's attorney by inviting "delay, disruption of the case, harassment, and unnecessary distractions into collateral matters."[6] In *Shelton v. American Motors Corp.*, the Eighth Circuit Court of Appeals also noted that the increasing practice of taking the deposition of opposing counsel was a negative development, and one that should be employed only in *limited* circumstances.[7] While stating it was not proposing absolute immunity from deposition, the *Shelton* court set forth the limited circumstances for permitting the deposition of opposing trial counsel.[8] Specifically, those circumstances should be limited to those in which the party seeking the deposition has shown that: "(1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."[9] The *Shelton* court set forth the following rationale for restricting the circumstances under which opposing counsel may be deposed:

---

[4]*See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any* person . . . .") (emphasis added). *See also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan.1995) ("The Federal Rules of Civil Procedure do not themselves exempt attorneys from being a source of discoverable facts").

[5]*Harris*, 2007 WL 1557415, at *2.

[6]*Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1990). *See also Mike v. Dymon, Inc.*, 169 F.R.D. 376, 378 (D. Kan. 1996).

[7]*Shelton v. Am. Motors Corp.,* 805 F.2d, 1323, 1327 (8th Cir. 1986) (emphasis added).

[8]*Id.*

[9]*Id.*

Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.[10]

In *Boughton v. Cotter Corp.*,[11] the Tenth Circuit Court of Appeals addressed the issuance of a protective order that prohibited the plaintiffs from deposing outside counsel who represented the defendants. It approved the criteria set forth in *Shelton*.[12] It further stated that "ordinarily the trial court at least has the discretion under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton* criteria for deposition . . . are not met."[13] In *Thiessen v. General Electric Capital Corp.*,[14] the Tenth Circuit has indicated that the *Shelton* criteria were adopted in *Boughton*.[15] Both before and after *Boughton*, courts in the District of Kansas have almost universally applied the *Shelton* criteria in deciding whether to allow the deposition of opposing trial counsel.[16] The party seeking to depose opposing counsel bears the

---

[10]*Shelton*, 805 F.2d at 1327.

[11]65 F.3d 823, 830 (10th Cir. 1995).

[12]*Id.*

[13]*Id.*

[14]267 F.3d 1095, 1112 n. 15 (10th Cir. 2001).

[15]*See id.* ("*Shelton* was adopted by this court in *Boughton*.").

[16]*Ed Tobergte Assoc. Co. v. Russell Brands,* 259 F.R.D. 550, 554-55 (D. Kan. 2009) (collecting cases).

3

burden of establishing that the three criteria are satisfied.[17]

As the parties seeking to depose opposing trial counsel, Plaintiffs bear the burden to establish that the three *Shelton* criteria are met. Plaintiffs' asserted purpose in deposing Sullivan is to 1) inquire about his memory and knowledge of conversations he had with co-Plaintiff SenGupta and his involvement in filing foreign patent applications on behalf of SenGupta, and 2) to determine the nature and scope of the work product created by Sullivan or the actions he took with regard to his relationship with SenGupta. Plaintiffs allege that Sullivan was previously involved in the prosecution of several foreign patent applications that correspond to the '578 patent at issue in this case. They contend he thereby acted on behalf of SenGupta. Plaintiffs claim that Sullivan therefore represented SenGupta and has been privy to work product and privileged information about the foreign prosecution of the claims at issue in this case. Plaintiffs also allege that in January 2009 SenGupta and Sullivan engaged in at least one conversation about SenGupta's situation with Layne and Defendant. They complain that Sullivan has refused to acknowledge, refute, or clarify the nature of his previous relationship with SenGupta, moreover, making his deposition all the more necessary.

Plaintiffs must first demonstrate that no other means exist to obtain the information, except to depose Sullivan. They must show that the information sought by his deposition is not available from any other source, and is the "only reasonably practical means available for obtaining the information."[18] If there are other available sources of information, those sources should be explored

---

[17] Id. at 555.

[18] *Mike*, 169 F.R.D. at 379.

4

first.[19] Some other methods to be explored are written interrogatories, requests for production, or requests for admission,[20] as these discovery methods "do not involve the same dangers as an oral deposition of opposing counsel."[21] The proponent of the deposition must identify the specific unsuccessful measures it has taken to obtain the information, why they have failed, and that other resources are unavailable.[22]

Plaintiffs argue that Sullivan is the only person with first-hand knowledge of both his privileged communications with SenGupta and the work product he generated as a result of their relationship. They further suggest that, even if SenGupta remembers his conversations with Sullivan, SenGupta could not be aware of the actions Sullivan took afterwards. Plaintiffs argue that Sullivan is in the unique position of possessing such information. Because Defendant has denied validity of the '578 patent, Plaintiffs contend that information about any investigations Sullivan may have conducted as to patentability, or as to prior art searches performed and results obtained, is critical to their case. Accordingly, they argue that the deposition of Sullivan is the only reasonable means to obtain such information.

Defendant argues that Plaintiffs have not met their burden to show that there are no other means to obtain the information sought. It points out that SenGupta can be deposed about the alleged attorney-client privileged communications between him and Sullivan. Similarly, if Sullivan was working on foreign counterpart patent applications on behalf of SenGupta, then SenGupta is

---

[19]*Hay & Forage Indus.*, 132 F.R.D. at 689; *Mike*, 169 F.R.D. at 379.

[20]*Hay & Forage Indus.*, 132 F.R.D. at 689.

[21]*Mike*, 169 F.R.D. at 379.

[22]*Id.*

5

equally knowledgeable. Second, Defendant claims there is no reason why Plaintiffs cannot resort first to written discovery on this issue.

The Court finds that Plaintiffs have failed to demonstrate that no other means exist to obtain the information they seek, except to depose Sullivan. They have identified no specific, unsuccessful requests for written discovery. Nor have they adequately explained how the information sought is relevant to the validity of the patent-in-suit, when the alleged representation pertained to prosecution of foreign patent applications.

The Court further finds that information which Plaintiffs seek by the deposition appears in Sullivan's Declaration,[23] filed in opposition to their motion to disqualify him and his current law firm as counsel for Defendant. Sullivan declares his only work with regard to the '578 or its foreign counterparts has been for Defendant Purolite. He states he has neither received from SenGupta any documents nor had any conversations with him about the '578 patent or the foreign counterparts. Sullivan further declares he had only one conversation with SenGupta. He states it was by telephone and involved the alleged theft of intellectual property by a company named SolmeteX (later acquired by Plaintiff Layne Christensen). The declaration further asserts that Sullivan advised SenGupta that neither he nor his law firm represented him, they represented only Purolite. The declaration also states that an unidentified colleague of Sullivan, a member of his then law firm Darby & Darby, also participated in the conversation with SenGupta.

Plaintiffs have not convinced the Court that no other means exist to obtain the information they seek, except to depose Sullivan. They have provided no information from SenGupta himself that would contradict or refute the statements set forth in Sullivan's Declaration. In addition,

---

[23]Sullivan Decl. (ECF No. 119).

Plaintiffs have not shown that the information they seek could not be obtained from SenGupta himself.

Plaintiffs must also establish that the information sought by deposing Sullivan is relevant and non-privileged, and crucial to their preparation of the case. Plaintiffs admit that their purpose in deposing Sullivan is to obtain information to support their motion to disqualify Sullivan from representing Defendant. The specific information sought was provided in Sullivan's Declaration (ECF No. 119). Moreover, the Court has denied Plaintiffs' motion to disqualify Sullivan. The information sought by Plaintiffs is therefore no longer relevant to the issue of whether Sullivan should be disqualified. Plaintiffs have not shown how the information is otherwise relevant to any other claim or defense in the case. Nor have Plaintiffs shown how the information is crucial to preparation of their case.

Defendant has shown good cause under Rule 26(c) for a protective order against the deposition of its counsel Robert C. Sullivan, Jr. Plaintiffs have failed, moreover, to meet their burden under the *Shelton* criteria. They have failed to show that no other means exist to obtain the information, except to depose opposing counsel. They have also failed to show that the information sought is relevant and nonprivileged or is crucial to the preparation of the case.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Protective Order (ECF No. 84) is granted, as set forth herein. The Court grants a protective order, pursuant to Fed. R. Civ. P. 26(c), to prohibit Plaintiffs from deposing Defendant's counsel of record, Robert C. Sullivan, Jr.

**IT IS FURTHER ORDERED THAT** within twenty (20) days from the date of this order Plaintiffs shall show cause in writing, why sanctions should not be imposed, pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), for the filing of the motion. Within fourteen (14)

days thereafter Defendant may respond thereto, and Plaintiffs may then reply within fourteen (14) days of service of the response.

Dated in Kansas City, Kansas on this 29th day of March, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge