**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,

       Plaintiffs,                                     CIVIL ACTION

v.                                                                 No. 09-2381-JWL-GLR

BRO-TECH CORPORATION, d/b/a
THE PUROLITE COMPANY,

       Defendant.

**MEMORANDUM AND ORDER**

In this action for patent infringement and breach of contract, Plaintiffs allege that Defendant, a former licensee, infringed upon a patent for removal of arsenic from drinking water and breached the post-termination provisions of the license agreement. Before the Court is Defendant's Motion to Compel (ECF No. 201). It requests an order, pursuant to Fed. R. Civ. P. 37(a)(3)(B) and D. Kan. 37.2, compelling Plaintiffs Layne Christensen Company ("Layne") and Dr. Arup SenGupta ("SenGupta") to produce documents responsive to three of its requests for production. Plaintiffs object to the requests as seeking documents and information not relevant to the claims and defenses in this case. As set forth below, the Court sustains the objections and denies the motion.

**I.**     **Requests for Production at Issue**[1]

    **A.**     **Fourth Set of Requests for Production to Layne**

Defendant's Request for Production No. 211 to Layne seeks production of:

All Materials reflecting or showing any communications, notes, comments, and/or

---

[1] Defendant's motion also moves to compel Layne to produce documents responsive to its Fourth Request for Production No. 234. In its reply (ECF No. 252), Defendant advises the Court that the parties have resolved their dispute with respect to this request.

analyses referring to Layne's decision not to name Dr. SenGupta as a named inventor of U.S. Patent No. 7,407,587. See LEHIGH000004; LEHIGH000008; LEHIGH000068-70.

Plaintiff Layne objected on grounds the request seeks production of information protected by the attorney-client privilege and/or work product doctrine. Layne further objected upon grounds the request is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[2]

### B. Fifth Set of Requests for Production to SenGupta

Defendant's Request for Production No. 175 asks Plaintiff SenGupta to produce:

> All Materials reflecting or showing any communications, notes, comments, and/or analyses referring to Layne's decision not to name Dr. SenGupta as a named inventor of U.S. Patent No. 7,407,587. See LEHIGH000004; LEHIGH000008; LEHIGH000068-70.

Request No. 176 similarly asks Plaintiff SenGupta to produce:

> All Materials reflecting or showing any communications, notes, comments, and/or analyses referring to Layne's decision not to name Dr. SenGupta as a named inventor of U.S. Patent Publication 2008/0035564. See LEHIGH000004; LEHIGH000008; LEHIGH000068-70.

Plaintiff SenGupta served identical responses to each request, objecting on grounds they seek production of information protected by the attorney-client privilege and/or work product doctrine. SenGupta also objected on grounds that the requests are vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[3]

---

[2]Layne's Resp. to Purolite's Fourth Set of Req. for Produc. (ECF No. 202-1) at p. 11.

[3]SenGupta's Resp. to Purolite's Fifth Set of Req. for Produc. (ECF No. 202-2) at p. 15.

## II. Plaintiffs' Objections Reasserted in Response to the Motion to Compel

In response to the motion, Plaintiffs reassert their objections of irrelevancy. They contend the requests seek documents that have nothing to do with this case or the Patent-in-Suit, and thus seek information that is not relevant to the claims or defenses in this case. They point out that the requests seek documents referring to Layne's decision to not name SenGupta as inventor on U.S. Patent No. 7,407,587 (hereinafter referred to as the "Layne '587 Patent"), which is not the patent at issue in this case. The patent at issue in this litigation is U.S. Patent No. 7,291,578 (hereinafter referred to as the "Patent-in-Suit").[4]

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* . . . ."[5] Rule 26(b)(1) further states that "[f]or good cause, the court may order discovery of any matter relevant to the *subject matter* involved in the action."[6] Finally, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[7] Relevancy is broadly construed during the discovery phase, and discovery request should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[8]

---

[4] Due to the similarity in the last three digits of the two patents discussed in this Memorandum and Order (587 versus 578), to avoid confusion the Court will refer to the '587 patent referenced in the requests for production as the "Layne '587 patent" and the '578 patent in dispute as the "Patent-in-Suit."

[5] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[6] *Id.* (emphasis added).

[7] *Id.*

[8] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[9] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[10]

In this instance the Court finds the relevancy of the requests not readily apparent because the documents sought do not pertain to the Patent-in-Suit, but another patent and patent publication. In addition, Defendant has not asserted or alleged inequitable conduct by Plaintiffs as a defense or counterclaim in its Second Amended Answer. As the Court does not find the relevancy readily apparent, Defendant, as the party seeking the discovery, has the burden to show the relevancy of the requests.

Defendant asserts that the requests for documents about Layne's decision not to name SenGupta as a named inventor of the '587 Patent are relevant to show Layne's conduct before the United States Patent and Trademark Office ("USPTO") in connection with the Patent-in-Suit. Defendant has alleged non-infringement and invalidity among its defenses and counterclaims. It argues it is entitled to pursue discovery to show Plaintiff Layne's inequitable conduct before the USPTO in the prosecution of the Patent-in-Suit. Because the same Layne employees prosecuted both the Layne '587 Patent and the Patent-in-Suit, Defendant seeks to discover their allegedly inequitable conduct in prosecuting the Layne '587 Patent as indirect evidence of such conduct

---

[9]*Id.*

[10]*Id.*

4

during the prosecution of the Patent-in-Suit. Defendant also points out that the Layne '587 Patent is closely tied to the Patent-in-Suit, the subject matter of both patents are related to arsenic remediation, and the two patent applications were filed only eighteen months part. It further notes that the Federal Circuit has found in *Purdue Pharma L.P. v. Endo Pharmaceuticals, Inc.*, that direct evidence of intent to deceive or mislead the USPTO is "rarely available but may be inferred from clear and convincing evidence of the surrounding circumstances.'"[11]

Plaintiffs argue that the requests for production do not seek evidence of inequitable conduct with respect to the Patent-In-Suit. They note that what Defendant supposes to be inequitable conduct instead relates to a wholly different patent that was filed months after the Patent-In-Suit. They further argue that Defendant has yet to amend its pleadings to include a claim for inequitable conduct and the deadline for such an amendment has passed. Defendant has provided no other explanation as to why evidence of allegedly improper conduct in the prosecution of the Layne '587 Patent would likely lead to discovery of admissible evidence of inequitable conduct with respect to the Patent-In-Suit.

Defendant has not met its burden to show the relevance of the requested discovery to any claim or defense asserted in this case. Its requests seek information about the Layne '587 Patent and U.S. Patent Publication 2008/0035564, neither of which are at issue in this case. Although the subject matter of both patents are related to arsenic remediation, the two patent applications were filed only eighteen months part, and their prosecution involved the same Layne employees, these facts of themselves fail to establish relevancy to the claims and defenses asserted in this case. The

---

[11] 438 F.3d 1123, 1133-34 (Fed. Cir. 2006) (quoting *LaBounty Mfg., Inc. v. USITC*, 958 F.2d 1066, 1076 (Fed. Cir. 1992)).

fact that the allegedly inequitable conduct occurred eighteen months after the filing of the Patent-in-Suit does not show beyond conjecture that such conduct also occurred eighteen months earlier.

The Court has reviewed Defendant's Second Amended Answer to Amended Complaint (ECF No. 111). While it asserts invalidity of the Patent-in-Suit as a defense and counterclaim, more specifically, invalidity based upon failing to meet the requirements of 35 U.S.C. §§ 102, 103 and 112, Defendant has not asserted inequitable conduct as either a defense or counterclaim. Its only reference to any inequitable conduct in the Second Amended Answer to Amended Complaint occurs in Count VI - Patent Misuse (¶ 39), which alleges "[the company acquired by Plaintiff Layne] created, promoted and had manufactured competing products in violation of the Contract. In light of this conduct, it is inequitable for [Plaintiff Layne] to use the Contract as a sword to prevent [Defendant] from manufacturing a non-infringing, competing product."[12] By its present motion, however, Defendant does not address this allegation. Instead, it seeks to compel discovery about Layne's decision not to name SenGupta as an inventor on another patent and patent publication. Defendant has not shown that the discovery it seeks is relevant to any claim or defense pled in the case.

In addition, the Court notes that the deadline for amending the pleadings to add a claim for inequitable conduct has expired. The Court extended the deadline for "amending pleadings to add allegations of inequitable conduct without leave of Court" to April 1, 2011.[13] Defendant filed the instant motion on April 1, 2011. It has filed no motion for leave to amend its Second Amended Answer to add allegations of inequitable conduct.

---

[12]Second Am. Answer to Am. Comp. (ECF No. 111) at 10-11.

[13]*See* Am. Scheduling Order (ECF No. 114) at 1.

Even though the Court finds that Defendant has failed to show that the discovery sought is relevant to a claim or defense asserted in the case, Fed. R. Civ. P. 26(b)(1) also permits a court, upon a showing of good cause, to order discovery "of any matter relevant to the *subject matter* involved in the action."[14] As the Tenth Circuit has stated, when a party objects to discovery as going beyond that relevant to the claims or defenses, "the court [becomes] involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action."[15] This good-cause standard warranting broader discovery is intended to be flexible.[16] According to the advisory committee's note to Rule 26(b)(1), "the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested."[17] In addition, "[t]he dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision."[18] The advisory committee's note also indicates that the 2000 amendment to Rule 26(b)(1) "signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."[19]

---

[14]Fed. R. Civ. P. 26(b)(1) (emphasis added).

[15]*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188-89 (10th Cir. 2009) (citing Fed. R. Civ. P. 26 advisory committee's note (2000)).

[16]*Id.* at 1189; Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000 Amendment).

[17]Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000 Amendment).

[18]*Id.*

[19]*Id.*

Defendant urges the Court to disregard Plaintiffs' argument that because Defendant has yet to amend its pleadings to include a defense or counterclaim for inequitable conduct, discovery requests pertaining to inequitable conduct are therefore irrelevant. It asserts that such "Catch-22" type reasoning prevents it from developing the evidence necessary to plead inequitable conduct, because Plaintiffs have withheld discovery and have thereby forced it to file the instant motion.

The Court finds that Defendant has not shown good cause to find the requested discovery "relevant to the subject matter involved in the action," within the meaning of Fed. R. Civ. P. 26(b)(1). Its stated purpose for exploring Layne's decision not to name SenGupta as an inventor of the Layne '587 Patent and U.S. Patent Publication 2008/0035564 is to uncover evidence of possibly improper and inequitable conduct before the USPTO in prosecuting the Layne '587 Patent. Defendant argues that it may use such information as indirect or circumstantial evidence of presumably similar inequitable conduct in prosecuting the Patent-in-Suit. Considering the length of time this case has been on file, the discovery exchanged to date, the upcoming discovery deadline, and absence of any allegations of inequitable conduct in the prosecution of the Patent-in-Suit prior to the instant motion, the Court finds that Defendant has not shown good cause for discovery of possibly inequitable conduct in the prosecution of a patent and patent publication some eighteen months later and not at issue in this lawsuit. The Court sustains the objections of irrelevancy to Request Nos. 211, 175, and 176. It denies the motion.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel (ECF No. 201) is denied, as set forth herein.

**IT IS FURTHER ORDERED THAT** Plaintiffs' request for costs and fees incurred in connection with opposing the motion is denied. Although it sustains the objections of irrelevancy

to the requests for production, the Court finds that the motion to compel was substantially justified and that other circumstances would make an award of reasonable expenses unjust, pursuant to Fed. R. Civ. P. 37(a)(5)(B).[20] The parties and counsel did resolve and therefore moot a substantial part of the motion without further action of the Court.

Dated in Kansas City, Kansas on this 13th day of May, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[20] *See* Fed. R. Civ. P. 37(a)(5)(B) ("But the court must not order [the payment of reasonable expenses incurred in opposing the motion to compel] if the motion was substantially justified or other circumstances make an award of expenses unjust.").