# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,

       Plaintiffs,                              CIVIL ACTION

v.                                              No. 09-2381-JWL-GLR

BRO-TECH CORPORATION, d/b/a
THE PUROLITE COMPANY,

       Defendant.

## MEMORANDUM AND ORDER

On March 29, 2011, the Court granted Defendant's Motion for Protective Order, prohibiting Plaintiffs from deposing Defendant's counsel of record, Robert C. Sullivan, Jr. (ECF No. 199). The Court also ordered Plaintiffs to show cause in writing why sanctions should not be imposed, pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), for opposing the motion.

Plaintiffs filed their Suggestion in Opposition to the Imposition of Sanctions under Fed. R. Civ. P. 26(c)(3) and 37(a)(5) (ECF No. 230) on April 18th. They argue that sanctions against them are not warranted, because they had a duty to protect their interests and explore an apparent conflict of interest, arising from the representation of Defendant by Mr. Sullivan and his law firm. Despite several requests to discuss the issue with defense counsel, Plaintiffs could not obtain adequate information to resolve the issue. They suggest it could have been resolved it without Court intervention had they received the Declaration of Robert C. Sullivan, Jr. (ECF No. 119) ("Mr. Sullivan's Declaration") prior to Defendant filing the motion. Instead, Defendant filed the motion for protective order and withheld Mr. Sullivan's Declaration until after the motion was fully briefed.

In its response (ECF No. 253), Defendant contends that Plaintiffs fail to demonstrate

substantial justification for opposing the motion for protective order. Specifically, they provided no declaration from Dr. SenGupta, who allegedly had an attorney-client relationship with Mr. Sullivan. Nor did they pursue written discovery to determine if Mr. Sullivan had a conflict of interest. Plaintiffs even passed up two opportunities to withdraw their deposition notice for Mr. Sullivan.

In their Reply Suggestions (ECF No. 273), Plaintiffs argue that the good faith requirement of Rule 37(a)(5)(A)(i) applied to the motion and that Defendant's failure to meet that requirement makes the imposition of sanctions inappropriate. Plaintiffs contend they had a reasonable basis to oppose the motion and, therefore, the imposition of sanctions is inappropriate under the "substantially justified" requirement of Rule 37(a)(5)(A)(ii).

The Court finds that an award of reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A) is not warranted. Although the motion for protective order was granted, Plaintiffs had a reasonable basis to oppose the motion. When they responded to it, they had not been able to obtain adequate information to determine the possibility of a potential conflict of interest between Mr. Sullivan and Dr. SenGupta. It was only after the motion was fully briefed that Defendant filed Mr. Sullivan's Declaration, which provided information about the involvement of Mr. Sullivan and his former law firm with the foreign counterpart patent applications. Based upon the limited information they had at the time they filed their response, the Court finds Plaintiffs were substantially justified in opposing the motion for protective order.

**IT IS THEREFORE ORDERED THAT** Defendant's request for costs and fees incurred in connection with filing the motion for protective order prohibiting Plaintiffs from deposing its counsel of record is denied. Although the motion was granted, the Court finds that Plaintiffs were

substantially justified in opposing the motion for protective order, and sanctions should not be imposed under Fed. R. Civ. P. 37(a)(5)(A).[1]

Dated in Kansas City, Kansas on this 25th day of May, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii) ("But the court must not order [the payment of reasonable expenses incurred in making the motion] if the opposing party's . . . response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust.").