## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,

      Plaintiffs,                            CIVIL ACTION

v.                                           No. 09-2381-JWL-GLR

BRO-TECH CORPORATION, d/b/a
THE PUROLITE COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

In this action for patent infringement and breach of contract, Plaintiffs Layne Christensen Company ("Layne") and Dr. Arup SenGupta ("SenGupta") allege that Defendant Bro-Tech Corporation, doing business as The Purolite Company ("Purolite"), a former licensee, infringed upon a patent for removal of arsenic from drinking water and breached the post-termination provisions of the license agreement. Under consideration are Plaintiff Layne's Motion to Compel Discovery (ECF No. 301) and Defendant's Motion for Leave to File Sur-reply (ECF No. 338). Pursuant to Fed. R. Civ. P. 37, Layne seeks an order compelling Defendant to fully comply with its Requests for Production 58, 75, 76, and 96. Defendant seeks leave to file a sur-reply on grounds that Layne has raised new arguments for the first time in its reply brief. For the reasons set out below, the Court denies both motions.

**I.    Relevant Factual Background**

On April 20, 2011, Layne served its Second Request for Production of Documents on

Defendant.[1]  On May 23, 2011, Defendant responded and objected to the requested discovery.[2]  On May 31 and June 1, 2011, the parties conferred about the discovery dispute.[3]  On June 10, 2011, Defendant consented to a proposed extension of time for Plaintiffs to file motion to compel fourteen days "after the parties complete the meet and confer process regarding Purolite's objections and responses to Layne's Second Set of [Requests for Production], Layne's Second Set of Interrogatories, and SenGupta's First Set of Interrogatories."[4]  That same day, rather than seeking the proposed extension of time, Layne moved to compel Defendant to fully comply with its Requests for Production 58, 75, 76, and 96.  Defendant opposes the motion.  Plaintiff has filed a reply brief.  The motion is ripe for ruling.[5]

## II.   Duty to Confer

Defendant argues that the Court should deny the motion to compel because Plaintiff has failed to satisfy the conference requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

---

[1] *See* Layne's Second Req. Produc. Docs. to Purolite (ECF No. 296-5).

[2] *See* Def. Purolite's Resps. & Obj'ns to Layne's Second Reqs. Produc. Docs. (ECF No. 296-6).

[3] *See* Mot. Compel at 1 (stating both dates); Mem. Opp'n at 1 (stating May 31, 2011); Email from Fuentes to Ellwanger of June 20, 2011, (ECF No. 326-2) (stating both dates).

[4] *See* Email from Fuentes to Ellwanger of June 10, 2011, (ECF No. 319-2).

[5] Defendant seeks to file a sur-reply because Layne purportedly asserts new arguments in its reply brief.  *See* Def. Mot. Leave File Sur-Reply (ECF No. 338) at 1-2.  Layne opposes the motion.  *See* Opp'n Purolite's Mot. Leave File Surreply (ECF No. 341.)  In general, the Court "summarily denies or excludes all arguments and issues first raised in reply briefs."  *Mike v. Dymon, Inc.*, No. Civ.A. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) (citation and internal quotation marks omitted).  In extraordinary circumstances, the Court may alternatively grant leave to file a sur-reply on a showing of good cause.  *Id.*  In this instance, Layne provides nothing in its reply brief to save its motion from denial.  Accordingly, the Court denies the motion to file a sur-reply as unnecessary.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires any motion to compel discovery to include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Relatedly, D. Kan. Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.

"The purpose of these rules is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention."[6] As noted by this Court several years ago:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. . . . They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[7]

The Court identified these legal principles in a prior dispute in this case.[8]

In its motion, Layne states that "the parties met and conferred in good faith via telephone

---

[6]*Manning v. Gen. Motors*, 247 F.R.D. 646, 650 (D. Kan. 2007).

[7]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[8]*See Layne Christensen Co. v. Purolite Co.*, No. 09-2381, 2011 WL 381611, at *2 (D. Kan. Jan. 25, 2011).

regarding the subject of this motion on May 31 and June 1, 2011. Despite our efforts, the parties were not able to reach agreement in regard to the issues presented herein."[9] It states in its reply brief that it filed the motion, because Defendant had not withdrawn objections, provided proper responses to the requests at issue, or given any indication that it would do either of those things.[10] It also points out that it filed the motion on the last day of fact discovery.[11] It argues that "nothing in Local Rule 37.2 requires that a party make a good faith effort to resolve a discovery dispute and then delay filing a motion to compel for an indefinite period of time in hopes that the other side will decide to properly respond to the discovery requests at issue."[12]

Despite Layne's affirmative statement that the parties have conferred in good faith, the briefing shows otherwise. First, two telephone calls of unspecified duration do not show good faith efforts to confer as contemplated by Fed. R. Civ. P. 37(a)(1) or D. Kan. Rule 37.2. More importantly, even if those calls were of sufficient duration and substance to qualify as good faith efforts to confer, the briefing before the Court clearly shows that the efforts were incomplete when Layne filed its motion to compel.[13] As mentioned by Layne, the conferral process does not require a party to delay filing a motion to compel once the party has made good faith efforts to resolve the discovery dispute. The concept of good faith, however, generally requires parties to refrain from filing a

---

[9]Pl. Layne's Mot. Compel Disc. (ECF No. 301) at 1.

[10]*See* Pl.'s Reply Supp. Mot. Compel Disc. (ECF No. 354) ("Pl.'s Reply") at 1-2.

[11]*See id.*

[12]*Id.* at 2.

[13]Defendant has provided an email showing that the parties were still completing the meet and confer process. *See* Email from Fuentes to Ellwanger of June 10, 2011, (ECF No. 319-2). Layne has not addressed the email or contested its contents. *See*, *generally*, Pl.'s Reply.

motion to compel when resolution efforts remain ongoing.  Of course, circumstances might exist to justify filing a motion, notwithstanding ongoing efforts to resolve the dispute.

Layne essentially provides two reasons for filing its motion on June 10, 2011: (1) discovery was ending that date and (2) Defendant had not withdrawn its objections, provided proper responses to the requests at issue, or given any indication that it would do so.  The first proffered reason provides no adequate reason for truncating ongoing efforts to resolve the dispute without judicial intervention, because the discovery deadline of itself poses no barrier to a later motion to compel.  In other words, the passing of the discovery deadline would not necessarily moot a motion after the conclusion of ongoing resolution efforts.

The second proffered reason provides no adequate basis to foreclose efforts at resolution, because demands for compliance with discovery requests do not satisfy the requirement to confer in good faith.  With respect to the requests at issue in this motion, Defendant has stated that it informed Layne "that it would consider Layne's positions."[14]  Layne has not contested that statement.  Given the uncontested statement, it appears that Layne moved to compel production merely because Defendant had not acceded to its demands for compliance with the discovery requests.

This is not a case where the movant had to file the motion to compel or risk its summary denial as untimely.  The discovery dispute arose on May 23, 2011.  Layne had at least thirty days from then to file its motion to compel.[15]  In this case, moreover, Layne had sought and obtained consent from Defendant to file a motion to extend the time for filing a motion to compel until fourteen

---

[14]Mem. Opp'n at 2.

[15]See D. Kan. Rule 37.1(b) (requiring parties to file motions to compel "within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause").

days after the parties had completed the conferral process. Layne inexplicably moved to compel discovery, instead of seeking the agreed extension of time. Given the facts of this dispute, the Court cannot find that Layne engaged in good faith efforts to resolve it. Accordingly, the Court denies the motion to compel.

The denial of a motion to compel is typically accompanied by an award of expenses and fees incurred in opposing the motion.[16] Such an award is not ordered, however, "if the motion was substantially justified or other circumstances make an award of expenses unjust."[17] An award of fees or expenses is not justified under the circumstances here. The Court will simply reiterate its admonitions to counsel about their duties under the conference requirements of the Federal Rules of Civil Procedure and District of Kansas Rules. Parties are to treat the conference requirement "as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes."[18] Thus, "parties should confer with the same detail and candor expected in the memoranda they would file with the court on the discovery dispute."[19] The parties in this case appear to view discovery as a playground for gamesmanship, and conference requirements merely as formalistic prerequisites for their numerous motions to compel. The Court will not hesitate to impose sanctions, when necessary or appropriate to curb abuses of the discovery process.

**IT IS THEREFORE ORDERED** that Plaintiff Layne's Motion to Compel Discovery (ECF No. 301) and Defendant's Motion for Leave to File Sur-reply (ECF No. 338) are denied, as set forth

---

[16] *See* Fed. R. Civ. P. 37(a)(5)(B).

[17] *See id.*

[18] *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1364 (D. Kan. 1995).

[19] *Id.* at 1354-65.

herein.  An award of expenses or fees is inappropriate under the circumstances.  Each party shall bear its own attorney fees and expenses incurred in connection with the motion to compel.

Dated in Kansas City, Kansas on this 31st day of August, 2011.

<u>S/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge