IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAYNE CHRISTENSEN COMPANY,
and DR. ARUP SENGUPTA,
                                  Plaintiffs,            CIVIL ACTION

v.                                                       No. 09-2381-JWL-GLR

BRO-TECH CORPORATION, d/b/a
THE PUROLITE COMPANY,
                                  Defendant.

<u>MEMORANDUM AND ORDER</u>

The Court has under consideration three motions that have been referred for disposition:  (1)

Motion of Matthew L. Levine and The Purolite Company for Limited Reconsideration of the Court's

October 6, 2011 Order (ECF No. 507); (2) Plaintiffs' Motion for Leave to File Surreply in Oppo-

sition to Defendant's Motion for Reconsideration and to File Under Seal (ECF No. 546); and (3)

Defendant's Motion for Leave to File Under Seal (ECF No. 555).  For the reasons set out below, the

Court denies all three motions, but upon its own motion enters relief against a sanction.

I.      **Relevant Factual Background**

By Memorandum and Order dated October 6, 2011, the Court granted in part and denied in

part a motion to compel filed by Plaintiffs.[1]  The Court sanctioned Mr. Levine personally for direct-

ing a deponent not to answer questions in direct contravention of Fed. R. Civ. P. 30(c)(2).[2]  The

Court found the conduct sanctionable under Fed. R. Civ. P. 30(d)(2), which grants the courts dis-

cretion to impose appropriate sanctions "on a person who impedes, delays, or frustrates the fair

examination of the deponent."  Mr. Levine and his client, Defendant Purolite Company, now jointly

_____

[1]*Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL, 2011 WL 4688836, at *1 (D.
Kan. Oct. 6, 2011).

[2]*Id.* at *7-8.

seek reconsideration of the order imposing the sanction against him personally.[3]  Plaintiffs oppose

the motion.[4]  Defendant has filed a reply brief.[5]  Plaintiffs thereafter moved for leave to file a sur-

reply under seal;[6] thus prompting a motion by Defendant for leave to file a brief in opposition under

seal.[7]

## II.    Motions For Leave

Both parties seek to file briefing under seal – a sur-reply for Plaintiffs and a brief in

opposition by Defendant.  Plaintiffs want to file a sur-reply, because "recent factual developments

and new information relevant to [the reconsideration] motion has become available."[8]   Neither the

Federal Rules of Civil Procedure nor the Rules of Practice of the United States District Court for the

District of Kansas provide for filing a sur-reply.  In fact, D. Kan. Rule 7.3(c) provides only for

responses and replies to motions.  But, as previously stated to the parties, the Court may grant leave

to file a sur-reply in extraordinary circumstances upon a showing of good cause.[9]  Here, Plaintiffs

have shown neither good cause nor extraordinary circumstances to justify the filing of a sur-reply.

Accordingly, the Court denies Plaintiffs leave to file their sur-reply under seal or otherwise, and

denies the motion by Defendant for leave to file a brief in opposition under seal, as unnecessary.

---

[3]*See generally*, Mot. Recons. (ECF No. 507); Mem. Supp. (ECF No. 512).

[4]*See* Pls.' Opp'n Mot. Recons. (ECF No. 533).

[5]*See* Reply Mem. Supp. (ECF No. 544).

[6]*See* Mot. File Surreply Under Seal (ECF No. 546).

[7]*See* Def.'s Mot. File Under Seal (ECF No. 555).

[8]Mot. File Surreply Under Seal at 1.

[9]*See Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL, 2011 WL 3880830, at *1 n.5 (D. Kan. Aug. 31, 2011).

2

## III.   Motion For Reconsideration

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.[10]  The Court, however, "has the inherent power to reconsider its interlocutory rulings" and should do so when "error is apparent."[11]  The District of Kansas, furthermore, has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.  Pursuant to Rule 7.3(b), motions seeking reconsideration of a non-dispositive order must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  Whether to grant or deny reconsideration lies within the Court's sound discretion.[12]  The movant has the burden to show an adequate reason to reconsider the prior order of the Court.[13]

In this case, Defendant and Mr. Levine argue that sanctioning him personally results in manifest injustice.[14]  The Tenth Circuit has not defined "manifest injustice" within the context of a motion to reconsider.[15]  One source defines the term as a "direct, obvious, and observable error in a trial court."[16]  Courts have held that a party may obtain reconsideration on grounds of manifest

---

[10]*Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[11]*Id.*

[12]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 663 (D. Kan. 2004).

[13]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 697 (D. Kan. 2000).

[14]Mot. Recons. at 1; Mem. Supp. at 1, 9-12.

[15]*Cf. Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (addressing manifest injustice within context of motion to reconsider under Fed. R. Civ. P. 59(e)).

[16]Black's Law Dictionary (9th ed. 2009).

3

injustice only by demonstrating that the injustice is "apparent to the point of being indisputable."[17]

Defendant and Mr. Levine primarily argue that a personal sanction is inappropriate, because he acted in good faith and believed his arguments were warranted under existing law.[18]  Those reasons, however, were adequately conveyed in the briefing on the underlying motion to compel. The Court, moreover, sanctioned Mr. Levine personally under Fed. R. Civ. P. 30(d)(2), which does not require a finding of bad faith before imposing a sanction.  As the Court concluded in its memorandum and order, Mr. Levine had no justifiable basis for instructing the deponent to not answer questions.  The directions not to answer contravened Rule 30(c)(2) and appropriately resulted in a Rule 30(d)(2) sanction.  There is no manifest injustice in imposing a Rule 30(d)(2) sanction on the facts of this case.

Defendant and Mr. Levine contend that his conduct was not sanctionable because it does not constitute intentional or reckless disregard of his duties to the court.[19]  That standard, however, relates to sanctions under 28 U.S.C. § 1927.[20]  The Court sanctioned Mr. Levine under Rule 30(d)(2), not § 1927.  It thus did not address whether his conduct manifested an intentional or reckless disregard of his duties to the Court.  Nor did it need to make that finding.  Sanctions under Rule 30(d)(2) do not require that level of misconduct.  Sanctions are warranted under that rule when any person "impedes, delays, or frustrates the fair examination of the deponent."  Imposing a Rule 30(d)(2) sanction without addressing the § 1927 standard does not result in manifest injustice.

---

[17] *See Tri-State Truck Ins., Ltd.*, 2011 WL 4691933, at *3 (citations omitted).

[18] Mot. Recons. at 1; Mem. Supp. at 1.

[19] *See* Mem. Supp. at 11 (citing *RTC v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995)).

[20] *See Dabney*, 73 F.3d at 265-66.

4

Movants also argue that Mr. Levine did not intentionally obstruct, frustrate, or delay the deposition.[21]  But he unquestionably and intentionally instructed the deponent not to answer.  That intentional conduct impeded, frustrated, and delayed the fair examination of the deponent.  It was unnecessary.  And it caused additional expense to complete the deposition.  That warranted an appropriate sanction under Rule 30(d)(2).  Had counsel stated his objections and allowed his client to answer as provided in the rules, there would have been no need to resume the deposition at a later date after a ruling on a motion to compel.  That opposing counsel had indicated an intent to compel the testimony does not excuse the directions not to answer.  Rule 30(c)(2) is clear in this respect.  Although Mr. Levine took affirmative steps to help facilitate the underlying motion to compel by encouraging opposing counsel to establish a full record of the questions sought to be asked, attorneys do not fulfill their duties under Rule 30(c) by facilitating a later-filed motion to compel.  Facilitating the testimony at the initial deposition may indeed moot any need for a motion to compel.  The defense arguments do not carry the burden to show manifest injustice resulting from the sanction.

Defendant and Mr. Levine next argue that the personal sanction is inappropriate because he believed in good faith that the questioning had become unreasonably embarrassing, annoying, and oppressive to the deponent.[22]  The Court explained in its memorandum and order, such a belief should have prompted a motion under Rule 30(d)(3), not directions to not answer.  Although the Court found one of the questions posed to the deponent appeared "to have been a ploy merely to embarrass or annoy," Mr. Levine had instructed the deponent not to answer other questions well

---

[21]Mot. at 1; Mem. Supp. at 1, 10.

[22]Mem. Supp. at 11.

before that one. Under the federal rules, moreover, even a question intended to embarrass or annoy the deponent is insufficient to justify a direction not to answer, unless the direction is necessary to preserve a privilege, to enforce a court-imposed limitation, or to present a Rule 30(d)(3) motion. Those circumstances do not exist here.

Defendant and Mr. Levine continue to misconstrue Fed. R. Civ. P. 30(d)(3). They state that he directed the deponent not to answer questions "in light of his understanding of Fed. R. Civ. P. 30(d)(3), which provides, '[a]t any time during a deposition, the deponent or a party may move to terminate <u>or limit</u> it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."[23] They claim that his instructions not to answer were merely intended to limit the deposition as permitted under Rule 30(d)(3).[24] But that argument ignores the operative word – "move" – in the quoted language from Rule 30(d)(3). The rule allowed him "to move to . . . limit" the deposition, not to unilaterally limit it without a motion. The heading for Rule 30(d)(3) – Motion to Terminate or Limit – provides further support that a motion is necessary.

Defendant and Mr. Levine also argue that the personal sanction "will have future consequences to his law practice, including in connection with future *pro hac vice* applications before other federal and state courts."[25] He does not explain how this qualifies as manifest injustice, even if true. Nor does he explain how a monetary sanction imposed in a discovery dispute affects his ability to proceed *pro hac vice* in other cases. The sanction imposed in this case would not affect

---

[23]*Id.* at 5 (emphasis provided my movants).

[24]*See id.*

[25]*Id.* at 11.

Mr. Levine's ability to proceed *pro hac vice* in a later case filed here.[26]  The Court does not view the monetary sanction imposed for a Rule 30(c)(2) infraction as impacting Mr. Levine's *pro hac vice* status in this Court.  Although Mr. Levine engaged in sanctionable conduct under Rule 30(d)(2), his misunderstanding of Rule 30(d)'s requirements does not call into question his qualifications to practice law in this Court.  Nor does he or Defendant identify any other court where his professional integrity would be affected.  A sanction under Rule 30(d)(2) does not result from any disciplinary proceedings or a charge of unprofessional conduct.  It is a procedural sanction to determine which party or attorney should in fairness bear the monetary cost of disputed discovery.

Defendant and Mr. Levine essentially quarrel with the severity of the sanction imposed – contending that the public admonishment represented by the Court's order should be sufficient to sanction him.[27]  He states that the admonishment is sufficient to reprimand and deter his conduct, and points out that the Court did not personally sanction counsel for Plaintiffs even though the Court's order also admonished that attorney's conduct.  Many factors go into a decision to impose sanctions.  Sanctions against different attorneys for different conduct does not make the Rule 30(d)(2) sanction imposed against Mr. Levine for violations of Rule 30(c)(2) inappropriate.  While a public admonishment may be sufficient to deter and reprimand Mr. Levine, Rule 30(d)(2) clearly contemplates transferring reasonable expenses to the sanctioned person.  Plaintiffs should not be financially responsible for reconvening the deposition that was halted due to the improper directions

---

[26]Through D. Kan. Rule 83.5.4, this Court may permit attorneys who are not admitted to practice in this Court to enter an appearance for a particular case, as was done by Mr. Levine in this case.  The affidavit required by this rule for admission pro hac vice does not require identification of discovery sanctions like the one imposed here.

[27]*See* Mem. Supp. at 2.

to the deponent not to answer questions.  Rule 30(d)(2) identifies the person to be sanctioned as the person who impedes, delays, or frustrates the fair examination of the deponent.  Given his instructions to the deponent, that person is Mr. Levine.  Neither the current briefing nor the briefing on the underlying motion to compel provides any basis to place that financial burden on anyone but Mr. Levine or Defendant or both.  There is no manifest injustice in placing the financial burden for the reconvened deposition on Mr. Levine.

Defendant and Mr. Levine indicate that Plaintiffs will not bear the costs of the additional deposition, if the Court lifts the personal sanction against him.[28]  This implies that someone – most likely Defendant itself – is willing to pay the costs of the reconvened deposition.  Nothing in the Court's sanction prohibits Defendant or anyone else from paying the sanction for Mr. Levine or reimbursing him for the monetary sanction imposed against him.  Such matters are between him and his client or whoever may volunteer to pay the monetary sanction.  In any event, these concerns pro-vide no reason to lift the sanction.

In summary, Defendant and Mr. Levine have shown no adequate ground to reconsider the sanction imposed against him.  He has not shown manifest injustice.  They have shown no direct, obvious, or observable error with respect to the sanction.  Accordingly, the Court denies the Motion of Matthew L. Levine and The Purolite Company for Limited Reconsideration of the Court's October 6, 2011 Order (ECF No. 507).  For the reasons stated previously, the Court also finds moot and therefore denies Plaintiffs' Motion for Leave to File Surreply in Opposition to Defendant's Motion for Reconsideration and to File Under Seal (ECF No. 546) and Defendant's Motion for Leave to File Under Seal (ECF No. 555).

---

[28] *See id.* at 11.

Notwithstanding its denial of these three motions, the undersigned magistrate judge upon his own motion considers whether or not the sanction in question should stand or be modified.  Had the parties and their counsel addressed their discovery dispute by a defense motion to terminate or limit the deposition of Don Brodie, pursuant to Fed. R. Civ. P. 30(d)(3), the Court would not have entered a "sanction" against Mr. Levine, pursuant to Rule 30(d)(2).  It would have ordered an "award of expenses," however, pursuant to Rules 30(d)(3)(c) and 37(a)(5).  Given the absence of any briefing about this seemingly insignificant difference in wording, the Court otherwise finds no obvious reason for it.  The Court has reviewed the briefing by Defendant and its counsel, however, seeking for a withdrawal of "sanctions" that supposedly stain his good record and reputation as an attorney. As already noted, this Court does not share their view that the sanction carries that kind of blemish upon his professional character.  But it also finds no need to risk that possibility against the fears of defense counsel, which may or may not be realistic before some other court.  Without belaboring the point, the Court believes that it can exercise its own discretion and will do so as follows:  Upon its own motion the Court can withdraw the sanction previously entered against Matthew L. Levine, once he and Defendant have filed an affidavit or other documentary evidence to show that Plaintiff has been and will be held harmless against the costs of the continued deposition of Don Brodie, previously ordered.  Accordingly, the Court will consider entering an order of withdrawal upon the filing of such evidence.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of December, 2011.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

9